**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|                              |   |                                |
|------------------------------|---|--------------------------------|
|                              | : |                                |
| GREG DeWAYNE HURST,          | : |                                |
|                              | : |                                |
| Plaintiff,                   | : |                                |
|                              | : |                                |
| VS.                          | : |                                |
|                              | : |                                |
| Sergeant VIRGINIA WILLIAMS,  | : | NO. 7:13-CV-66-HL-TQL          |
| *et al.*,                    | : |                                |
|                              | : |                                |
| Defendants                   | : | **ORDER & RECOMMENDATION**     |

Plaintiff **GREG DeWAYNE HURST** filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, while he was a pretrial detainee at the Thomas County Jail ("TCJ").   Plaintiff has paid the initial partial filing fee of $13.29, as was previously ordered by this Court (Doc. 8).  He will remain obligated to pay the unpaid balance of $336.71, as is discussed below.

*I.  STANDARD OF REVIEW*

Notwithstanding that Plaintiff has been released from custody, this Court must screen his complaint under 28 U.S.C. § 1915A(a) (federal court must conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity").   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual

1

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law**.   *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995).   If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal**.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the

2

plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.   BACKGROUND

In his complaint, Plaintiff asserts that his First Amendment rights have been violated. Specifically, he alleges that TCJ officials delivered to him on four occasions mail that was already opened, including two letters from an attorney.   Plaintiff spoke with Defendant Sergeant Virginia Williams after the first incident and she told Plaintiff, "We all make mistakes, don't we?" Williams also initiated a discussion with Plaintiff after she "intercepted" a letter he wrote to Defendant Sheriff Carlton Powell informing Powell that Plaintiff would be filing a federal lawsuit over his mail.

Plaintiff also sent three documents to the Court, in which he alleges:   (1) Officer McCoy deliberately failed to send a certified copy of Plaintiff's prisoner account statement to be filed in Plaintiff's other civil rights action, *Hurst v. Powell*, 7:13-cv-1(HL) ("*Hurst I*") (Doc. 6); (2) Defendant Tonya Bryant, the TCJ's "designated person for handling" inmate mail, opened and read in Plaintiff's presence a letter from an attorney "in regards to representation" (Doc. 7); and (3) Captain Ron James, who Plaintiff apparently believes interfered with Plaintiff's ability to be released on bond, slandered Plaintiff, and discriminated against him (Doc. 11).

Plaintiff seeks $7,000,000 in damages.

## III.   DISCUSSION

### A. Officer McCoy

Although not entirely clear, Plaintiff appears to name Officer McCoy as a Defendant.   To

the extent Plaintiff is including McCoy as a Defendant and wishes to allege an access to courts claim arising out of McCoy's failure to send to this Court Plaintiff's trust fund account statement in *Hurst I*, his claim must fail.   To state a valid access to courts claim, a section 1983 plaintiff must allege an actual injury.   *Lewis v. Casey*, 518 U.S. 343, 351 (1996).   Because the Court allowed Plaintiff's complaint to go forward in *Hurst I*, he cannot show an actual injury necessary to support a First Amendment access to courts claim.   It is therefore **RECOMMENDED** that the complaint against Officer McCoy be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

### B.   Captain Ron James

Plaintiff's claims against James – that James slandered and discriminated against him in connection with Plaintiff's release on bond - do not arise out of the same transaction or occurrence as the claims raised in Plaintiff's complaint.   The Court therefore will not allow joinder of these additional claims in the instant action.   *See George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) ("[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees...."). Plaintiff may file a separate civil rights complaint relating to his claims against Captain Ron James.   Accordingly, it is hereby **RECOMMENDED** that James be **DISMISSED WITHOUT PREJUDICE** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge **WITHIN FOURTEEN (14) DAYS** after

being served with a copy of this Order.

### C.  Defendant Sheriff Carlton Powell

Plaintiff fails to connect Sheriff Carlton Powell to the alleged unlawful opening of his legal mail.  Plaintiff does not even allege that Powell knew about the incidents, at least until after Plaintiff's letter to him.

It is well-settled that Sheriffs and other supervisors are not liable under section 1983 for the unconstitutional acts of their subordinates merely by virtue of their supervisory positions or responsibilities.  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  A supervisor may be liable only if he:  "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."  *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).  Plaintiff has not alleged any of the above prerequisites for supervisory liability on the part of Sheriff Powell.  It is therefore **RECOMMENDED** that Powell be **DISMISSED WITHOUT PREJUDICE** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

### D.  Sergeant Virginia Williams and Tonya Bryant

An inmate "has a First Amendment free speech right to communicate with his attorneys by mail, separate and apart from his constitutional right to access to the courts," and, unlike the latter claim, a free speech claim does not require a showing of actual injury as a "constitutional

prerequisite." ***Al-Amin v. Smith***, 511 F.3d 1317, 1333-35 (11th Cir. 2008); ***see also Slicker v. Jackson***, 215 F.3d 1225, 1231 (11th Cir. 2000).

Construing Plaintiff's complaint liberally in his favor, the Court concludes that Plaintiff may have colorable First Amendment claims against Defendants Williams and Bryant.   Dismissal of his lawsuit would therefore be inappropriate at this time without further factual development. In light of the foregoing, it is hereby **ORDERED** that service be made on Defendants Williams and Bryant, and that they file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the ***Prison Litigation Reform Act***.   Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

6

**<u>FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE</u>**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**<u>DISCOVERY</u>**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a

showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Notwithstanding Plaintiff's release from custody, he shall remain obligated to pay any

remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***.   Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 19th day of July, 2013.


s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

cr